**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Geraldine Hester,

    Plaintiff,

    v.                                       Case No. 1:03cv447

The Union Central Life                 Judge Michael R. Barrett
Insurance Company,

    Defendant.

## **ORDER**

This matter is before the court upon Magistrate Judge's Report and Recommendation ("R&R") granting Defendant's Motion to Enforce Decision of the ERISA Administrator (Doc. 15); denying Plaintiff's Motion for a Judgment Awarding Long Term Disability Benefits, Comprehensive Medical Expense and Group Term Life Plan Benefits to Plaintiff Geraldine A. Hester (Doc. 16); and terminating this case from the docket of this Court.

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. See *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1] Plaintiff filed timely Objections to the R&R. (Doc. 30) Defendant filed a Response to Plaintiff's Objections. (Doc. 31)

In his R&R, the Magistrate Judge found that the language of the plans contained a clear grant of discretion to Defendant, who is the Plan Administrator. As a result, the

---

[1] A notice was attached to the Magistrate's Report and Recommendation regarding objections.

Magistrate Judge found that Defendant's decisions regarding Plaintiff's benefits should be reviewed under the arbitrary and capricious standard.  However, the Magistrate Judge noted that Defendant both funds and administers the plan, and therefore the Court must consider such an apparent conflict of interest when determining whether there is an abuse of discretion.

The Magistrate Judge also found that contrary to Plaintiff's arguments, Plaintiff's claim involves a basic contract dispute, and is preempted by ERISA.

In analyzing Defendant's decision to deny Plaintiff's LTD claim, the Magistrate Judge rejected Plaintiff's argument that she meets the definition of partially disabled under the Plan.  The Magistrate Judge also rejected Plaintiff's arguments that Defendant was obligated to conduct an independent orthopaedic examination and to give special deference to the opinion of her treating physician.  The Magistrate Judge found that it was not unreasonable for Defendant rely upon its own job description of Plaintiff's position and conclude that Plaintiff's restriction to three hours of computer work per day would not prevent her physically from performing the substantial duties of her occupation on a part-time basis.

The Magistrate Judge also found that Defendant's decision to terminate Plaintiff's group life insurance coverage under waiver of premiums was reasonable.  The Magistrate Judge explained that it was proper for Defendant to rely upon Plaintiff's participation in volunteer work and temporary job assignments in making its decision that Plaintiff did not meet the definition of "totally disabled" under the terms of the Group Life Plan.

As to Defendant's decision to terminate Plaintiff's group medical coverage, the Magistrate Judge found that Plaintiff's participation in volunteer work and temporary job

assignments indicated that she is not prevented from performing the duties fo "any job." The Magistrate Judge rejected Plaintiff's argument that the plan fails to distinguish between mental and physical disability as being irrelevant.

Therefore, the Magistrate Judge found that even taking into consideration Defendant's conflict of interest, Defendant's decision to deny Plaintiff's claim for long-term disability benefits, discontinue Group Life Insurance coverage under waiver of premiums, and terminate Plaintiff's coverage under Group Medical Plan was rational in light of policy provisions, and was neither arbitrary or capricious.

Finally, the Magistrate Judge found that Plaintiff's claims for breach of fiduciary duty, ERISA retaliation, and removal of fiduciary fail to state a claim and should be dismissed. The Magistrate Judge noted that the Sixth Circuit has made it clear that where section 1132(a)(1)(B) permits a plaintiff to assert a claim for denial of benefits, he or she does not have the right to assert a breach of fiduciary claim. The Magistrate Judge also noted that a claim for a breach fiduciary duty under ERISA must be brought by Plaintiff in her representative capacity to recover on behalf of the plan, not for the benefit of an individual plan participant. The Magistrate Judge found that Plaintiff's retaliation claim fails because she has not established a *prima facie* case.

Plaintiff makes the following objections to the Magistrate Judge's R&R: (1) the proper standard of review is *de novo* because the plan language does not include the required specificity; (2) even if the standard of review is arbitrary and capricious, the Magistrate Judge failed to apply to proper standard in light of Defendant's conflict of interest; (3) the Magistrate Judge did not recognize that the hiring of a independent medical expert demonstrates that the Plan Administrator is acting under a conflict of interest; (4)

Plaintiff's claims are not preempted by ERISA because the state of Ohio regulates insurance by imposing conditions on the right to engage in the business of insurance, and the Ohio Supreme Court has held that there is a prohibition against insurers from subjectively interpreting their own policies; (5) Plaintiff is eligible for long-term disability benefits because she is partially disabled; (6) Plaintiff is eligible for long-term disability because the Plan does not distinguish between physical and mental disabilities; (7) Defendant relied on a fictitious job description to deny benefits; (8) Plaintiff is eligible for group medical coverage because she is partially disabled; and (9) Plaintiff's claim for breach of fiduciary duty should not be dismissed because Defendant has failed to provide the trust document for the Comprehensive Medical Plan or the Summary of the Comprehensive Medical Plan that was in effect at the time of Plaintiff's disability date.

The Court finds that the Magistrate Judge properly determined that Plaintiff's claims are preempted by ERISA. The Court finds that Plaintiff's citation to *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 334 (2003) is unpersuasive. The issue before the Supreme Court was whether Kentucky's "Any Willing Provider" statutes were saved from pre-emption as "law[s] . . . which regulat[e] insurance" under 29 U.S.C. § 1144(b)(2)(A). Plaintiff has not persuaded the Court that her claim is more than a suit by a participant or beneficiary to recover benefits under an ERISA covered plan, which falls directly under ERISA's civil enforcement provisions, 29 U.S.C. § 1332(a)(1)(B). *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987).

The Court also finds that the Magistrate Judge applied the proper standard of review and properly considered Defendant's conflict of interest. While no particular language is necessary to vest the plan administrator with discretion to interpret the plan or make benefit

determinations, the Sixth Circuit "has consistently required that a plan contain 'a *clear* grant of discretion [to the administrator] to determine benefits or interpret the plan.' " *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 555 (6th Cir.1998), *quoting Wulf v. Quantum Chem. Corp.*, 26 F.3d 1368, 1373 (6th Cir. 1993) (emphasis and alteration in original).  Here, the Plan states that the Plan Administrator has "full and complete authority, responsibility and control over the administration of the Plan.  This includes, but is not limited to, the discretion and authority to: construe and interpret the Plain provisions; determine all questions of eligibility for Plan participation and for payment of benefits . . . "  Based on this language, the Court finds that the arbitrary and capricious standard of review is applicable. *Accord McFarland v. Union Cent. Life Ins. Co.*, 907 F.Supp. 1153, 1156 (E.D.Tenn. 1995) (finding arbitrary and capricious standard of review applicable where plan gave administrator "full and complete authority, responsibility, discretion, and control over plan administration.")

However, where a conflict of interest exists, as it does here, the standard is not altered, but the conflict of interest is a factor that should be taken into account in determining whether the decision was arbitrary and capricious. *Peruzzi v. Summa Med. Plan*, 137 F.3d 431, 433 (6th Cir. 1998).  The Court finds that the Magistrate Judge properly considered Defendant's conflict of interest.  The Court recognizes that a court may not "merely . . . rubber stamp the administrator's decision," but must actually "exercise [its] review powers."  *Jones v. Metro. Life Ins. Co.*, 385 F.3d 654, 661 (6th Cir. 2004), *citing McDonald v. Western-Southern Life Ins. Co.*, 347 F.3d 161, 172 (6th Cir. 2003).  However, here, the Magistrate Judge conducted a  full review of Plaintiff's medical evidence, the plan language, and Defendant's basis for the denial of benefits.  As a result, the Defendant's

decision to deny benefits was properly reviewed.

The Court rejects Plaintiff's argument that the Magistrate Judge was required to recognize an additional conflict of interest based on Defendant's hiring of an independent medical examiner. For support of this proposition, Plaintiff cites to *Darland v. Fortis Benefits Ins. Co.*, 317 F.3d 516, 527 (6th Cir. 2003), *overruled on other grounds by Black & Decker Disability Plan v. Nord*, 538 U.S. 822 (2003). The present case is distinguishable from the peer review panel in *Darland*. The independent medical examiner in this case actually examined Plaintiff, and Defendant relied on the opinions of Plaintiff's own treating physicians in reaching its decision to deny benefits.

The Court finds that the Magistrate Judge properly concluded that Defendant had a reasonable basis to conclude that Plaintiff did not meet the definition of totally or partially disabled based on her physical condition. The Court rejects Plaintiff's argument that it was arbitrary and capricious for Defendant to rely upon its own job description in its decision to deny long-term disability benefits. As the Magistrate Judge noted, a plan administrator's decision to deny benefits is not arbitrary or capricious simply because the plan administrator adopted one of two competing views. *McDonald v. Western-Southern Life Ins. Co.*, 347 F.3d 161, 169 (6th Cir. 2003), *citing Birdsell v. United Parcel Serv. of Am.*, 94 F.3d 1130, 1133 (8th Cir. 1996). The Court notes that the Sixth Circuit has recently held that a plan administrator's use of the United States Department of Labor's Dictionary of Occupational Titles to determine plaintiff's "own occupation" was not arbitrary and capricious, even though the actual work performed by plaintiff arguably required more travel and mobility. *Osborne v. Hartford Life and Acc. Ins. Co.*, 2006 WL 2811904, *3 (6th Cir. Oct. 3, 2006) (slip op.) (finding that the word "occupation" is sufficiently general and

flexible to justify determining particular employee's "occupation" in light of position descriptions in DOT rather than examining in detail the specific duties the employee performed); *see also Gilcrest v. Unum Life Ins. Co. of America*, 2006 WL 1836057, *5 (S.D.Ohio June 30, 2006) (plan administrator's reference to DOT job description not arbitrary and capricious even though some discrepancies existed between DOT description and description provided by employer). Likewise, the Court finds that it was reasonable for Defendant to rely upon its own job description instead of that of Plaintiff.[2]

Given the job description relied upon by Defendant, combined with the restrictions placed on Plaintiff by Dr. Berghausen, it was reasonable for Defendant to conclude that Plaintiff was not prevented from performing the substantial duties of her occupation on a part-time basis.

Nevertheless, the Court agrees that the language of the long term disability plan makes no distinction between "primary" and "secondary" disabilities. However, the Court notes that there is an important distinction between physical and mental disabilities. Under the plan, mental disabilities are subject to a 24-month mental disorder limitation. Based on the opinion of Plaintiff's physician, Dr. Berghausen, Plaintiff could return to her previous occupation if her depression was adequately treated. Plaintiff provides no evidence to the

---

[2]The Court finds the present case distinguishable from that of *Sherry v. Hartford Life & Acc. Ins. Co.*, 314 F.Supp.2d 714, 724 (N.D.Ohio 2004). In *Sherry*, the Court found that in classifying the plaintiff's job as light work, the plan administrator went beyond exercising its discretion in resolving conflicting descriptions of the physical requirements of the plaintiff's job, but rather unreasonably relied on and possibly misconstrued a single conversation to define the requirements of the job while discarding the employer's own job description, its Human Resource Department's three PDA forms, and its Regional Sales Manager's description of the position. *Id.* There is no such evidence in this case. Plaintiff relies on the testimony of her co-workers, who state that the time spent on the computer is much greater than that stated by Defendant. This testimony constitutes a competing view, which Defendant is free to reject upon a reasonable basis.

contrary. Therefore, the Court is left with the conclusion that beyond the 24-month mental disorder limitation, Plaintiff has no disability which would qualify her as being disabled–either partially or totally.

As a result, under the language of the group medical plan, Plaintiff is not eligible for group medical coverage. As the Magistrate Judge explained, after an initial 24-month period, a person must be prevented from doing "the duties of any job." Because Plaintiff does not meet this definition, Defendant's decision to terminate Plaintiff's coverage under the Group Medical Plan was not arbitrary and capricious.

Finally, Plaintiff argues that her claim for breach of fiduciary duty should not be dismissed because Defendant has failed to provide the trust document for the Comprehensive Medical Plan or the Summary of the Comprehensive Medical Plan that was in effect at the time of Plaintiff's disability date. As the Sixth Circuit has explained, "[n]othing in § 1132 suggests that a plan beneficiary should receive a benefit award based on a plan administrator's failure to disclose required information." *Lewandowski v. Occidental Chemical Corp.*, 986 F.2d 1006, 1009-10 (6th Cir. 1993) (per curiam). Moreover, upon review of the Complaint and Plaintiff's Motion for a Judgment Awarding Long Term Disability Benefits, Comprehensive Medical Expense and Group Term Life Plan Benefits to Plaintiff Geraldine A. Hester, it appears that Plaintiff raises these allegations for the first time her Objections to the R&R; and Plaintiff has not cited to evidence in the record to support her allegations. Therefore, any claim for breach of fiduciary duty is dismissed.

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's R&R.  Accordingly, the Magistrate Judge's R&R (Doc. 29) is hereby **ADOPTED** and it is hereby **ORDERED** that:

1. Defendant's Motion to Enforce Decision of the ERISA Administrator (Doc. 15) is **GRANTED**;

2. Plaintiff's Motion for a Judgment Awarding Long Term Disability Benefits, Comprehensive Medical Expense and Group Term Life Plan Benefits to Plaintiff Geraldine A. Hester (Doc. 16) is **DENIED**; and

3. This case shall be **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                              */s/ Michael R. Barrett*
                                              Michael R. Barrett, Judge
                                              United States District Court